Oliver V. Trump
Complaint

Eastern District of Kentucky
FILED

United States District Court

MAR 27 2025

For the Eastern District of Kentucky

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

Civil Action No. 5:25-CV-93-DCR

**Tanyqua Oliver,** Mom-Abolitionist

*Lead Plaintiff*

**V.**

**Donald Trump, In his Official and**

**Individual Capacity as** President of the

US, *Defendant;*

*Real Party(s) in Interest;*

United States Department of Education

Office of Civil Rights

## Civil Rights Complaint

### #AbolishTheSchooltoPrisonPipeline

Today is Thursday, March 27, 2025

### <u>Legal Authorities and Jurisdiction:</u>

42 U.S.C. 1983

Fed.R.Civ.P.23

USC 1st Amendment; Press, Assembly, Petition

*Patsy v. Bd. of Regents, 457 U.S. 496*

*The Doctrine of Primary Jurisdiction*

*White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145*

*Ellis v. Tribune TV Co., 443 F.3d 71*

1

Oliver V. Trump
Complaint

*Brown v. Bd. of Educ., 347 U.S. 483*

*Johnson V Rogers, 917 F.2d at 1285*

*NY Times V US 197*

*Dann Farr Prods V. United States District Court 874 F. 3d 590 US App*

*Hill V Petrotech Resources Corporation 325 S.W. 3d 302 (Ky. 2010)*

Kentucky Constitution Sec. 8

KRS 158.150

KRS 158.150 (7) (b) (1), KRS 158.150 (3) (d) (1 or 2)

## Parties:

*Lead Plaintiff;*

Tanyqua Oliver, Activist-Abolitionist-Member of the Media

1088 Nandino Blvd #11085 Lexington, KY 40511

WeDemandQualityOfLife@gmail.com 513-399-7237

*Defendant;*

1. Donald Trump, President of the United States of America

1600 Pennsylvania Avenue Washington, D.C. 20500

*Real Party(s) in Interest:*

1. United States Department of Education Office of Civil Rights

The Wanamaker Building 100 Penn Square East, Suite 515 Philadelphia, PA

## Jurisdiction, Argument and Statement of Claim:

I. This Eastern District of the United States District Court has jurisdiction
   over this matter as the virtual assembly and submission of a petition for
   redress of a class grievance transpired in Lexington, KY.

2

Oliver V. Trump
Complaint

II. The underlying events to be addressed in a separate Complaint against Fayette County Public Schools and the Kentucky Department of Education specifically related to the lead plaintiff and disabled black child happened in Lexington, KY involving civil rights violations of the 1st, 4th and 14th amendment.

III. The lead plaintiff has peacefully exercised the 1st amendment right to press, speech, assembly and petition and whereas the lead plaintiff has gathered parents and guardians of black and/0r African American children that have been deprived of equal access to a public education like herself. See online petition at: Change.org/AbolishTheSchoolToPrisonPipeline.

IV. The lead plaintiff asserts that in alignment with Fed.R.Civ.P. 23 that the class consist of over 100 members and a joinder is impracticable, there are questions of law or fact common to the class such as deprivation of procedural due process due to being black/African American, all claims and defenses asserted by the lead plainitff are typical claims and defenses of the entire class, that the lead plaintiff will fairly and adequately protect the interests of the class. The lead plaintiff additionally asserts that prosecuting separate actions would create a risk of inconsistent adjudications and that both Fayette County Public Schools and Jefferson County Public Schools have refused to act on the grounds or claims stated within where the lead plaintiff has been peacefully protesting for months and whereas members have also contacted superintendents, school district staff members and etc and whereas justice has been disregarded for all.

Oliver V. Trump
Complaint

V.  The lead plaintiff asserts that this class action is superior to all the
available methods for fairly and efficiently adjudicating the controversy
per Fed.R.Civ.P.23(B)  and moves this court to appoint counsel per
Fed.R.Civ.P.23(g).

VI. The lead plaintiff has petitioned the United States Department of
Education Office of Civil Rights on January 27, 2025 for a redress of the
class' grievance relating to discrimination against Black and/or African
American Children facing disciplinary actions, expulsion, suspension
and/or transfer to alternative schools without procedural due process in an
effort to deny equal access to Black and/or African American students to a
public education. The lead plaintiff asserts that the *Defendant* is currently
infringing upon a class' first amendment right to petition the government
through the United States Department of Education: Office of Civil
Rights for a redress of our grievance by executive order signed by the
defendant on March 20, 2025. The lead Plaintiff asserts that
correspondence began on January 31, 2025 and that an investigator was
assigned on March 10, 2025. See exhibit #7

I.  The lead plaintiff asserts that *Ellis v. Tribune TV Co., 443 F.3d 71,* ruled
that:

*"No fixed formula exists for applying the doctrine of primary jurisdiction.
While analysis is on a case-by-case basis, the inquiry has generally
focused on four factors: (1) whether the question at issue is within the
conventional experience of judges or whether it involves technical or*

4

Oliver V. Trump
Complaint

*policy considerations within the agency's particular field of expertise; (2)*
*whether the question at issue is particularly within the agency's*
*discretion; (3) whether there exists a substantial danger of inconsistent*
*rulings; and (4) whether a prior application to the agency has been made.*
*The court must also balance the advantages of applying the doctrine*
*against the potential costs resulting from complications and delay in the*
*administrative proceedings."*

II. The lead plaintiff asserts that in accordance with The primary jurisdiction doctrine and the four Ellis factors that 1)Policy Considerations of Fayette County Public Schools and Jefferson County Public Schools are within the United States Department of Education Office of Civil Rights' particular field of expertise with regard to the disproportionate equal access to a public education based on race where black and African American students are displaced into alternative schools in both Fayette County Public Schools and Jefferson County Public Schools two times more than any other race 2) that the United States Department of Education Office of Civil Rights reserves the authority and discretion to investigate discrimination with regard to equal access to a public education within Fayette County Public Schools and Jefferson County Public Schools 3) There is a substantial danger of inconsistent rulings as the Kentucky Department of Education as suggested by the defendant to handle its own matters is not going to incriminate themselves and whereas the United States Department of Education Office of Civil Rights can complete their

5

Oliver V. Trump
Complaint

investigation without conflict of interest as the Kentucky department of

Education has negligently failed to intervene, see exhibit#6, where the

Kentucky Department of education issued a final order towards the lead

plaintiff and child frivolously claiming that the lead plaintiff's child's

name is Zachary and that the child was recommended for expulsion by the

board of Education and whereas the lead plaintiff's child's name is not

Zachary and has never been recommended for expulsion by any Board of

Education 4) That the lead plaintiff has already petitioned the United

States Department of Education Office of Civil Rights on January 27,

2025 and additionally was assigned an investigator on March 10, 2025, 10

days before the defendant's vague, broad sweeping and unconstitutional

executive ORDER *"Improving Education Outcomes by Empowering*

*Parents, States, and Communities"* signed on March 20, 2025. See the

dates listed on exhibit #7.

III. The plaintiff additionally asserts that giving power to State agencies to

handle civil rights violations imposes an unreasonable delay and causes

prejudice against the lead plaintiff, class and our children to abridge the

constitutional right to petition the United States Department of Education

Office of Civil Rights for a speedier approach and enforcement of civil

rights without conflict of interest versus being forced to exhaust state

remedies along with the appellate procedures of the state agency that has

historically proven to only enable the school to prison pipeline  fueling

Oliver V. Trump
Complaint

recidivism rather than desistance as established in *White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145* ruled that

*"In addition to considering the Ellis factors, "we must also 'balance the advantages of applying the doctrine against the potential costs resulting from complications and delay in the administrative proceedings.'"*

IV. An executive order terminating the United States Department of Education: Office of Civil Rights by the defendant acting under the color of law has immediately abridged the lead plaintiff's 1st amendment right to assemble and petition the United States Department of Education Office of Civil rights and whereas state departments do not maintain sole or primary jurisdiction over constitutional questions involving civil rights violations as ruled in *Patsy v. Bd. of Regents, 457 U.S. 496, The primary jurisdiction doctrine, White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145, Ellis v. Tribune TV Co., 443 F.3d 71.*

V. The Lead Plaintiff asserts that the defendant has stepped outside of his constitutional authority by abridging the lead plaintiff's right to assemble and to petition the United States Department of Education Office of Civil Rights on the behalf of herself and adjoining class..

VI. The lead plaintiff asserts that administrative procedures by public schools enabling the school to prison pipeline are an issue of public interest and of public importance as a class of individual's demands REFORM of the Department of Education at both the state and federal levels. Please see link: *Change.org/AbolishTheSchoolToPrisonPipeline.*

Oliver V. Trump
Complaint

VII.     The Defendant's vague and broad sweeping Executive Order

issued and signed on March 20, 2025, closed the United States

Department of Education  including but not limited to the Office of Civil

Rights, see exhibit #1, is unconstitutional and inconsiderate of the masses.

VIII.     10 days prior to the executive order signed by the defendant, on

March 10, 2025 the lead plaintiff was assigned an investigator from the

United States department of Education Office of Civil Rights for a

complaint initiated against Fayette County Public Schools on the behalf of

herself, minor child and others as well as another complaint submitted

against Jefferson County Public Schools.

IX. Ongoing irreparable damages continue to accrue for the lead plaintiff,

class and over a hundred families and counting in the state of Kentucky

where children are missing many memorable school events such as prom,

sports activities, dances, etc. Alternative Schools in Kentucky are

additionally testing below the national and state academic standard yet

Black and/or African American students are sent to alternative schools

where many are never transferred back to their public common school for

the remainder of their primary and/or secondary education (K-12).

X. Black and/or African American students are displaced into alternative

schools without procedural due process 2X more than any other race in

Fayette County Public Schools and Jefferson County Public Schools, both

within the state of Kentucky as well as many other public schools across

the country in an effort to abridge the right to equal access to a public

Oliver V. Trump
Complaint

education and slowly but surely segregating public schools in which has

been already been abolished within caselaw *Brown v. Bd. of Educ., 347*

*U.S. 483* and the defendants ORDER seen in exhibit#1 is unconstitutional

as it enables segregation in public schools.

XI. Due to not being afforded equal access to a public education because of

their race, Black and/or African American Students in both Fayette

County Public Schools and Jefferson County Public Schools; enter the

general population as institutionalized and academically challenged adults

after being deprived of adequate curriculum and/or equal curriculum,

resources and school activities provided to public commons schools.

XII.     This ongoing cycle continues to put Black and/or African

American students at high risk of recidivism versus desistance.

XIII.     This is the school to prison pipeline and the class has petitioned to

end it, starting within the state of Kentucky.

XIV.     The demographics of the general population of Kentucky in

comparison to the Kentucky Department of Corrections/inmate

populations directly mirror the ratio of the public common school

population demographics versus the alternative school population

demographics in both Fayette County Public Schools and Jefferson

County Public Schools.

XV.     Let it be noted that the lead plaintiff is still collecting similar

disparities from families in other school districts in Kentucky. The issues

presented in this complaint involve the entire state of Kentucky and is

Oliver V. Trump
Complaint

furthermore not limited to Kentucky but all states that reserve the same

statistics.

XVI.     Kentucky is where the lead plaintiff has begun her work to abolish

the school to prison pipeline as Fayette County Public Schools in

Lexington, KY is where the lead plaintiff's disabled black child has been

deprived of 14th amendment procedural due process, 14th amendment right

to equal access to a public education, 1st amendment infringements of

speech/press/petition and 4th amendment violations in complete

contradiction to an involved white child at the same public common

school.

XVII.    The lead plaintiff asserts that her disabled black child is a juvenile

previously enrolled at Jessie Clark Middle School in Lexington KY and is

currently pending fabricated criminal charges and whereas drugs were

confiscated from an involved white child and were fabricated to be found

on the lead plaintiff's disabled black child's personal belongings to afford

the white child unequal access to a public education while the lead

plaintiff's disabled black child has been denied a public education at the

public common school, participation on the football team for the entire

season and other school events for 195 days and counting.

XVIII.   The plaintiff asserts that Fayette County Public Schools in

Conspiracy with the Kentucky Department of Education deprived the lead

plaintiff and class along with their children of equal access to a public

education through procedural due process violations where none of the

Oliver V. Trump
Complaint

class has been afforded a hearing in front of their local school board or an

appeals committee per KRS 158.150.

XIX.    The plaintiff asserts that Fayette County Public Schools currently

holds expulsion hearings heard by an "Administrative Hearing Panel" in

violation of KRS 158.150 (7) (b) (1), KRS 158.150 (3)(d)(1 or 2) that is

composed of staff members that are a conflict of interest or that reserve a

direct financial interest in the transfer of students into alternative schools

based upon demand. See the following link in which is the lead plaintiff's

botched hearing and whereas the lead plaintiff waives confidentiality as a

member of the media:

https://www.facebook.com/share/r/1BMfsNo5wS/?mibextid=wwXlfr

XX.    THIS CLAUSE IS SUBJECT TO AN IMPENDING SEPARATE 1985

CIVIL COMPLAINT YET STATED FOR REFERENCE AND

BACKGROUND: The lead plaintiff asserts that the link within clause XIX. Was

collected as a mother and member of the media on 2/12/2025 where Fayette

County Public Schools has refused to acknowledge the "Administrative Hearing

Panel" in any recognized policy or law and whereas the administrative hearing

panel does not retain the authority to expel, suspend or transfer students to

alternative schools. The civil rights violations evident within this hearing shall be

addressed in a separate 1983, 1985 complaint as it specifically relates to the lead

plaintiff's disabled black child. As a member of the media, the lead plaintiff

immediately pulled out a camera in plain sight and began recording the

hearing on 2/12/2025 as members began introducing themselves by name

within the meeting that was being illegally held in contradiction to KRS

Oliver V. Trump
Complaint

158.150 (7) (b) (1), KRS 158.150 (3)(d)(1 or 2). Within the hearing held

on 2/12/2025 by Fayette County Public School Administrative Hearing

Panel staff members immediately interjected and demanded everyone to

remain quiet while mandating that the lead plaintiff to only voice record

rather than video record so that the lead plaintiff would have no proof that

it was not a hearing held by the Fayette County Public School Board. The

lead plaintiff asked what policy required her to stop video recording

versus voice recording and that the lead plaintiff would honor the policy if

given. The "Administrative Hearing Panel" stated it was on the advice of

their attorney and that they did not have one therefore The lead plaintiff

did not stop recording and stated that a record of what was happening

needed to be made as the lead plaintiff planned to sue Fayette County

Public Schools but urged Fayette County Public Schools to continue with

the hearing. Fayette County Public School Administrative Hearing Panel

notified  school police officers and kicked the lead plaintiff and disabled

black child out of the public building exclusively because the lead plaintiff

would not stop peacefully exercising her 1st amendment right to freedom

of the press. The lead plaintiff did not resist being kicked out to avoid an

unlawful arrest. Improper prior restraint violates Sec 8 of the Kentucky

Constitution as well as USC 1st Amendment as ruled in *NY Times V US*

*1971, Dann Farr Prods V. United States District Court 874 F. 3d 590 US*

*App, Hill V Petrotech Resources Corporation 325 S.W. 3d 302 (Ky. 2010)*

After the abruptly ended hearing, The "Fayette County Public Schools

Oliver V. Trump
Complaint

Administrative Hearing Panel" sent a letter to the lead plaintiff on

February 12, 2025, frivolously claiming that there was a hearing in front

of the board, frivolously claimed that the lead plaintiff agreed with

placement or expulsion and that the lead plaintiff's disabled black child

was to remain enrolled at MLK academy, an alternative school, while the

lead plaintiff's disabled black child has never been enrolled at MLK

Academy with no end date,  term prescribed in violation of KRS 158.150..

See exhibit #4, (lead plaintiff's Child's name has been redacted). The lead

plaintiff asserts that after receiving the letter that on  March 4, 2025 an

Open Records Request submitted by the lead plaintiff requesting "*all*

*policies and procedures of the Fayette County School Board's*

*Administrative Hearing Panel to include but not limited to expulsion*

*policies that override Fayette County Public Schools policy 9.435*

*(exhibit# )... full list of members and total number of members of the*

*Fayette County School Board Administrative Hearing Panel*" was sent and

received by Fayette County Public Schools. Yet on March 11, 2025

Fayette County Public Schools responded to the Open records Request by

Stating that *"FCPS is not in possession of the requested records... A*

*public agency is not required to compile information or to create a record*

*that does not already exist in response to an open records request"* see

exhibit #5

XXI.    The lead plaintiff asserts that any parent or guardian that appeals

decisions made by local school boards are negligently handled by the

13

Oliver V. Trump
Complaint

Kentucky Board of Education and whereas the lead plaintiff received a final order from the Kentucky Department of Education via email on 3/11/2025; see exhibit #6 with the wrong name as the lead plaintiff's child's name is NOT Zachary as well as false statements inscribed claiming the Board of Education recommended expulsion when the only person that has recommended expulsion is the Principal of Jessie Clark Middle School and the "Fayette County Public Schools Administrative Hearing Panel".

XXII.    Funding for alternative schools in the state of Kentucky is not secured in federal funding or state funding but is dispersed by each individual school board based upon demand or headcount hence the motive for sending children to alternative school with no end date.

XXIII.    KRS 158.150 (7) (b) (1), KRS 158.150 (3)(d)(1 or 2) mandates an expulsion hearing to be held by the local school board or an appeals committee and whereas Fayette County Public Schools and Jefferson County Public Schools have not adopted an appeals committee.

XXIV.    The defendant has erroneously assumed that State Departments of Education are capable of holding themselves accountable after an established history of depriving children of equal access to a public education based on race or failing to intervene without evidence or any statements from any school board that local school districts are providing students with equal access to a public education by affording students a hearing in front of their local school board in a conspiracy to deprive

Oliver V. Trump
Complaint

students of civil rights in violation of 42usc1983, 42usc1985, KRS
158.150.

XXV.      The lead plaintiff asserts that accountability of state departments of
education through the United States Department of Education Office of
Civil Rights is nonnegotiable to prevent, intervene and mitigate ongoing
irreparable harm to equal access to a public education to the lead plaintiff,
class  and other parents/guardians alike in various states across the
country.

XXVI.     The lead plaintiff asserts that the class along with our children
have been deprived of equal access to a public education, procedural due
process and disability accommodations ranging from 14 days to several
years and counting where majority of the parent/guardians gathered are
within Jefferson County Public Schools in which is where the largest
Black/African American population in the state of Kentucky resides.

**<u>Other Civil Actions Filed in the United States District Court:</u>**

*Cases Pending  25-CV-85 (unrelated to this complaint)*

The lead plaintiff is a member of the media that is regularly targeted by
government officials such as Judicial officers in the peaceful exercise of her 1st
amendment rights to press, speech and petition whom regularly speaks out against the
government and public corruption as an Activist/Abolitionist. The lead plaintiff has
petitioned this court for redresses of her grievances.

15

Oliver V. Trump
Complaint

The lead plaintiff asserts that her child was framed due to the fact that she speaks

out against the government and a 1983/1985 complaint is pending as it relates to her

child.

**Relief Sought and Conclusion:**

The lead plaintiff moves this court through a civil complaint along with a separate

motion for

I. Segregating public schools through unequal access to a public education

was abolished within caselaw *Brown v. Bd. of Educ., 347 U.S. 483* and the

defendant's vague and broad sweeping ORDER seen in exhibit#1 is

unconstitutional as it enables segregation in public schools. Placing

children in separate facilities without procedural due process based on race

is discriminatory and whereas these federal and civil rights

questions/allegations/investigations are reserved for federal agencies and

federal courts, not state education departments or local school districts no

matter what the local school district or state department of education

claims to provide within a separate facility as the 14th amendment bars the

deprivation of life, liberty or property without due process of law and

whereas it has been confirmed that Fayette County Public Schools and

Jefferson County Public Schools have been depriving black and/or African

American students of procedural due process for an unbeknownst amount

of years, if not decades as some members of the class the lead plaintiff has

gathered are victims that graduated from alternative school or were

transferred to alternative school over a decade ago without a hearing in

Oliver V. Trump
Complaint

front of the local school board as required by KRS 158.150 including the lead plaintiff herself. The Plaintiff Moves this Court to render the defendants executive ORDER, seen as exhibit#1 as unconstitutional and discriminatory in it's entirety.

II. A restraining ORDER against the defendant to re-instate the United States Department of Education; Office of Civil Rights and to refrain from closing any federal agency that investigates civil rights complaints as abridging civil rights is not within the constitutional authority of the President of the united states and whereas the alternative given is not in the interest of justice.

III. The lead plaintiff additionally moves this court for an ORDER directing the defendant to educate himself and to adequately and consciously REFORM the United States Department of Education Office of Civil Rights or to schedule a meeting with the lead plaintiff or another activist alike about the school to prison pipeline and how it predominately effects black and/or African American students in an effort to prevent more un-informed vague, broad sweeping executive orders.

IV. The lead plaintiff moves this court for an ORDER without notice for a restraining order as ongoing irreparable harm is ongoing to a class of individuals within various states and whereas the lead plaintiff is not required to exhaust state remedies in addition the fact that unreasonable delays and prejudice will be imposed upon the lead plaintiff, class and our children and must be weighed when weighing the ellis facts as ruled in

Oliver V. Trump
Complaint

*White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145* while

referencing the four ellis factors established within *Ellis v. Tribune TV*

*Co., 443 F.3d 71.* In lieu of the four ellis factors the lead plaintiff asserts

that that in accordance with The primary jurisdiction doctrine that 1)Policy

Considerations of Fayette County Public Schools and Jefferson County

Public Schools are within the United States Department of Education

Office of Civil Rights' particular field of expertise with regard to the

disproportionate equal access to a public education based on race  where

black and African American students are displaced into alternative schools

in both Fayette County Public Schools and Jefferson County Public

Schools two times more than any other race 2) that the United States

Department of Education Office of Civil Rights reserves the authority and

discretion to investigate discrimination with regard to equal access to a

public education within Fayette County Public Schools and Jefferson

County Public Schools 3) There is a substantial danger of inconsistent

rulings as the Kentucky Department of Education as suggested by the

defendant to handle its own matters is not going to incriminate themselves

and whereas the United States Department of Education Office of

Education can complete their investigation without conflict of interest 4)

That the lead plaintiff has already petitioned the United States Department

of Education Office of Civil Rights on January 27, 2025 and additionally

was assigned an investigator on March 10, 2025, 10 days before the

defendant's vague, broad sweeping and unconstitutional executive

Oliver V. Trump
Complaint

ORDER *"Improving Education Outcomes by Empowering Parents,*

*States, and Communities" signed on March 20, 2025.* See the dates listed

on exhibit#7 versus Exhibit#1, the lead plaintiff petitioned the United

States Department of Education Office of Civil Rights prior to the

defendants vague, broad sweeping and unconstitutional ORDER seen

within exhibit#1. For the reasons stated in this clause, the lead plaintiff

moves this court for an immediate restraining ORDER against the

defendant without notice as the lead plaintiff, class and our children are

suffering ongoing irreparable damages to our children's equal access to a

public education due to our race as our children are Black and/or African

American students at the fault of our local school districts in addition to

the failure to intervene by our state departments of education such as the

Kentucky Department of Education.

*V.*   In lieu of 1st, 4th and 14th amendment violations and/or the failure to

intervene by The Kentucky Department of Education in conspiracy with

our local school districts *Patsy v. Bd. of Regents, 457 U.S. 496* and *the*

*primary jurisdiction doctrine* established that lead plaintiff reserves the

right to petition a federal agency involving justiciable matters in lieu of

federal questions and civil rights violations as member of the media,

peaceful protester and an individual that regularly speaks out against

corrupt government agencies.

VII.      The lead plaintiff asserts that in alignment with Fed.R.Civ.P. 23

that the class consist of over 100 members and a joinder is impracticable,

19

Oliver V. Trump
Complaint

there are questions of law or fact common to the class such as deprivation

of procedural due process due to being black/African American, all claims

and defenses asserted by the lead plainitff are typical claims and defenses

of the entire class, that the lead plaintiff will fairly and adequately protect

the interests of the class. The lead plaintiff additionally asserts that

prosecuting separate actions would create a risk of inconsistent

adjudications and that both Fayette County Public Schools and Jefferson

County Public Schools have refused to act on the grounds or claims stated

within where the lead plaintiff has been peacefully protesting for months

and whereas members have also contacted superintendents, school district

staff members and etc. and whereas justice has been disregarded for all.

VIII.    The lead plaintiff asserts that this class action is superior to all the

available methods for fairly and efficiently adjudicating the controversy

per Fed.R.Civ.P.23(B)

IX. The lead plaintiff and moves this court to appoint counsel per

Fed.R.Civ.P.23(g).

### Closing:

Many students along with their families such as the lead plaintiff and child are

currently being deprived of the right to petition, freedom of press, freedom of speech,

procedural due process, disability accommodations and equal access to a public

education.

The lead plaintiff asserts that the *Defendant* is currently infringing upon a class'

first amendment right to petition the government through the United States Department

Oliver V. Trump
Complaint

of Education: Office of Civil Rights for a redress of our grievance by executive order

signed by the defendant on March 20, 2025. The lead Plaintiff asserts that a petition for

a redress of the lead plaintff's grievance as an activist-abolitionist was submitted on

January 27, 2025, correspondence began on January 31, 2025 and that an investigator

was assigned on March 10, 2025. See exhibit #7. The lead plaintiff petitioned FIRST

and this e lead plaintiff is only in the beginning stages of her work as an abolitionist.

The lead plaintiff asserts that the Kentucky Department of Education acting

under color of state law, negligently *failed to intervene, deprived* or *conspired* to

deprive the lead plaintiff and class of the right to freedom to assemble, petition, press,

speech, procedural due process, disability accommodations, equal protections of the

laws and equal access to a public education.

The lead plaintiff asserts that the Kentucky Department of Education and many

other state departments of education have historically proven themselves to be not in

the best interest of justice and whereas although there are more appellate state

procedures that must be exhausted in lieu of due process that the 1st, 4th and 14th

amendment violations do not require the exhaustion of state remedies and that federal

and civil rights questions of law are reserved for the federal government and/or parallel

litigation as ruled in *Patsy V. Bd. Of Regents, 457 U.S. 496, 498, The Doctrine of*

*Primary Jurisdiction, White v. Beech-Nut Nutrition Co., 2024 U.S. App. LEXIS 1145*

and *Ellis v. Tribune TV Co., 443 F.3d 71* that the executive ORDER signed by the

defendant on March 20, 2025 is unconstitutional by giving state agencies sole

jurisdiction of federal and civil rights questions of law.

21

Oliver V. Trump
Complaint

The lead plaintiff asserts that "*justice delayed, is justice denied*" as ruled in *Johnson V Rogers, 917 F.2d at 1285*. The lead plaintiff and son have been denied a public education at a common school for 19 days and counting.

State remedies are inadequate and corrupt for the lead plaintiff and an entire class of individuals as the lead plaintiff vlogs her own and other members' of the class' experience within Kentucky's Public Schools as a member of the media also exercising her right to petition and assemble. The Defendant's Executive Order signed on March 20, 2025 Abridging the lead plaintiff's right to petition the federal government through an executive order is unconstitutional as congress "*did not intend under most circumstances for civil rights claims to be initially addressed through state administrative procedures.*" as ruled in *Patsy v. Bd. of Regents, 457 U.S. 496, 498*.

The lead plaintiff additionally asserts that this is not a procedural due process claim but rather a 1ˢᵗ amendment claim for abridging the lead plaintiff's right to assemble and petition.

## Certification:

Under rules of federal procedure 11, by signing below, I, Tanyqua Oliver; Lead plaintiff certify to the best of my knowledge, information and belief that this petition is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation.

This complaint and emergency motion for a restraining ORDER against the defendant is supported by existing constitutional civil rights, common law and established doctrines. The factual contentions have evidentiary support preserved per Fed.R.Civ.P. 26. This complaint complies with rule 11.

X_____ /s/Tanyqua Oliver/s/ Lead Plaintiff, Activist-Abolitionist

1088 Nandino Blvd #11085 Lexington KY 40511

Tanyqua5@gmail.com 513-399-7237

For an individual acting in her/his own right: State of Kentucky?
The foregoing Country of Fayette
The foregoing Instrument was acknowledged
before me this day, March 27, 2025,
by Tanyqua Oliver. Notary signature
Middle Milam
# KYNP80390
expiring October 3, 2027

**Certificate of Service:**

I, Tanyqua Oliver, hereby certify that the foregoing document was served upon the following on or before 3/27/2025 by Certified USPS mail:

1. Donald Trump, President of the United States of America

1600 Pennsylvania Avenue Washington, D.C. 20500

   USPS Tracking Number#

2. United States Department of Education Office of Civil Rights

The Wanamaker Building 100 Penn Square East, Suite 515 Philadelphia, PA 19107

   USPS Tracking Number#

**Exhibits:**

1. Executive ORDER Signed by Donald Trump on 3/20/2025 "Improving Education Outcomes by empowering Parents, States and Communities".

2. Fayette County Public Schools Policy 9.435

3. https://www.facebook.com/share/r/1BMfsNo5wS/?mibextid=wwXlfr

4. Letter from Fayette County Public Schools "administrative hearing panel"

5. Open Records Request and Response from Fayette County Public Schools.

6. First page of Final ORDER issued by Kentucky Department of Education

7. Email from United States Department of Education: Office of Civil Rights to lead plaintiff on January 27, 2025, January 31, 2025 and March 10, 2025.